HOWARD W. STEINERT, RESPONDENT, v. THE PENNSYL-
VANIA RAILROAD COMPANY, APPELLANT.

Submitted October 31, 1930—Decided February 2, 1931.

For the respondent, *John Winans.*

For the appellant, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

DALY, J.   This suit was brought in the Hudson Circuit
Court under the Federal Employes' Liability act by the
plaintiff, Howard W. Steiner, against the Pennsylvania Rail-
road Company, defendant, for compensation for injuries of
the plaintiff while he was engaged on April 17th, 1926, in
the performance of his services as a freight brakeman at the
Potomac yards of the company near Washington, District of
Columbia.   He was injured by having his right hand caught
in the coupler of a car, which he was in the act of adjusting,
through the sudden forward movement of a locomotive, re-
sulting in practically the loss of the right hand.   The medi-
cal evidence was to the effect there was a one hundred per

cent. loss of the function of the hand and that the plaintiff would be better off if the hand were cut off at the wrist. The interstate character of the plaintiff's employment at the time of the injury is admitted.

The trial on March 14th, 1929, resulted in a verdict in favor of the plaintiff for $25,000; and, the next day judg-. ment for that amount, with costs, was entered in the court below. On March 18th, 1929, the defendant company took a rule to show cause why the verdict should not be set aside and a new trial granted on the grounds that the verdict was "excessive, contrary to the charge of the court, and the result of the bias, prejudice and passion of the jury;" the rule reserving to the defendant all exceptions taken and objections noted at the trial, and also, staying execution. After several efforts to dispose of the rule, a rule was entered on May 8th, 1930, on plaintiff's motion, vacating a former decision to reduce the verdict to $15,000 and directing that the defendant's rule to show cause be discharged provided plaintiff stipulated for a reduction of the verdict to $20,000; otherwise, defendant's rule would be made absolute. Stipulation agreeing to this reduction was filed in the clerk's office on May 19th, 1930; defendant served notice of appeal which was filed May 23d, 1930. Grounds of appeal were filed June 13th, 1930.

Plaintiff-respondent urges that the appeal was not taken within one year from the entry of the final judgment. This is not so. In *Morgan* v. *Bowman,* 103 *N. J. L.* 542, Mr. Justice Parker, speaking for the Supreme Court, said that "if a rule to show cause is allowed, the *postea,* under the former practice, might, nevertheless, be filed and a judgment entered, but it was only a judgment *nisi,* supplemented by final judgment *nunc pro tunc* in case of the discharge of rule to show cause, and by the same token a nullity if such a rule be made absolute. * * * But the judgment entered pursuant to rule 116, on immediate filing of the *postea,* is no more final than one entered under old rule 35. Until the determination of the rule to show cause by a discharge it cannot be treated

as a final judgment." See, also, *Patterson* v. *Loughridge,* 46 *Id.* 138. The issuance of the rule to show cause in this case suspended the judgment entered, and there was no final judgment until after the rule to show cause was discharged.

Taking up the grounds of appeal, the defendant in his brief contends that there are six questions involved.

1. Should not the trial court have directed a verdict in favor of defendant, because (a) no negligence of defendant was shown as the proximate cause of the injuries complained of; (b) the proximate cause of said injuries was plaintiff's own voluntary act in placing himself in a dangerous position without apprising. the engineman of his position; (c) the release is a bar to plaintiff's alleged cause of action? We hold from the proofs in this case, the trial judge was justified in presenting all these questions to the jury. As to the weight and sufficiency of the evidence, this was disposed of by the allowance and determination of the rule to show cause which alleged therein the reason that the verdict was the result of "bias, prejudice and passion of the jury," this being equivalent to saying it was against the weight of the evidence. Where the rule is allowed and a reason assigned, whether argued or not, the appellant cannot urge that ground on appeal. *Goekel* v. *Erie Railroad Co.,* 100 *N. J. L.* 279; *Margolies* v. *Goldberg,* 101 *Id.* 75.

2. Did not the trial court err in submitting to the jury, under all the facts in the case, (a) the determination of the effect of the release; (b) the determination of defendant's liability? The defendant produced a paper in the form of a release and said that it was signed by the plaintiff at the time $1,800 was paid to him. He admits that he was paid the $1,800, but he denies that he signed any release; asserting that he was asked to give a specimen of his signature written with his left hand and that he put that signature upon a card or piece of blank paper which was the only paper he signed, and there was no release written upon it. He pleaded that this paper was obtained by fraud and denied the execution of the release as such; all of which raised a

question of the validity of the release, and the trial judge was justified in submitting this question to the jury as he did. These grounds, with respect to the effect of the release and as to defendant's liability, while raised in the brief, are not included in the grounds of appeal filed.

3. Did not the trial court err in permitting plaintiff to testify what Clarence C. Waller said about plaintiff? No. This was perfectly proper, having to do with what took place at the time the plaintiff is alleged to have executed the release, the witness, Waller, being the person with whom he was then dealing.

4. Did not the trial court err in permitting the plaintiff to testify regarding his knowledge of his working in interstate commerce? There was no error here.

Questions 5 and 6 deal with the charge of the court. The rule to show cause obtained by the defendant asserted as one of its reasons for a new trial that the verdict was contrary to the charge of the court (not a specified portion or portions, but the whole charge), and, in view of this, there is authority that the appellant is bound by what the court said. On appeal from a judgment entered after defendant's rule to show cause has been discharged, the appellate court will not consider and decide any question which was assigned as ground for setting aside the verdict on the rule, such question being *res adjudicata,* whether argued or not, and although not decided in terms on the rule to show cause. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497. But considering the two points raised, we find from all the evidence in the case and from all that the trial judge said in his charge there was no error prejudicial to the defendant.

The judgment is affirmed, with costs.

*For reversal*—None.